# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NATHAN WALDERA,**
     **Plaintiff,**

    **v.**                                                                   **Case No. 18-C-101-WED-LA**

**MR. MCINNIS, et al.,**
     **Defendants.**

## ORDER

This case is currently assigned to Magistrate Judge William E. Duffin. All the parties have not had the opportunity to consent to magistrate judge jurisdiction. Therefore, the case is before me for the limited purpose of screening the complaint. This case will return to Judge Duffin after entry of this order.

The Prison Litigation Reform Act ("PLRA") applies to this action because plaintiff was incarcerated when he filed the complaint. 28 U.S.C. § 1915. The PLRA allows an incarcerated plaintiff to proceed with a lawsuit in federal court without pre-paying the full civil case filing fee so long as he pays an initial partial filing fee. 28 U.S.C. § 1915(b). On February 2, 2018, Judge Duffin assessed an initial partial filing fee of $26.25. Docket. No. 6. Plaintiff paid that amount on February 16, 2018. Therefore, I will grant plaintiff's motion to proceed without prepayment of the filing fee.

The PLRA requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss part or all of a complaint if it raises claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow me to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

I follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id.* at 679. First, I determine whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id.* Second, I determine whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id. Pro se* allegations, "however inartfully pleaded," are given a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**FACTS**

Plaintiff is an inmate at the Kettle Moraine Correctional Institution ("KMCI"). Docket No. 1. Defendants are KMCI staff members: Mr. McInnis is the Education Director at KMCI; Casetta is a Correctional Officer at KMCI; and K. Salinas is a member of the Inmate Complaint Review System ("ICRS") at KMCI. *Id.*

On September 27, 2017, plaintiff fell in the KMCI school bathroom. *Id.* at 2. He reported the fall to Officer Merkes (not a defendant), and Merkes took plaintiff to the Health Services Unit ("HSU") for a medical evaluation. *Id.* Plaintiff returned to the KMCI school to pick up his books and the books were in Casetta's office. *Id.* Plaintiff noticed that some newspapers that were inside his books were missing. *Id.* at 2-3.

The next day, plaintiff arrived at the KMCI school and Casetta gave him a conduct report for having newspapers from the library. *Id.* at 3. Plaintiff told Casetta that he had permission from the librarian to have the newspapers, but Casetta gave him a conduct report anyway. *Id.* Casetta also provided McInnis with "false information" to get plaintiff fired from his job. *Id.* Plaintiff believes that Casetta (who is responsible for keeping the bathrooms clean) was retaliating against him because he had fallen in the bathroom the day before and reported the incident to Officer Merkes. *Id.* at 4.

A week or two later, on or around October 5, 2017, plaintiff filed two inmate complaints on the incident: one for the fall and another for Casetta's profane language and aggressive behavior. *Id.* at 3-4. Both complaints were dismissed. *Id.* at 4. According to plaintiff, his inmate complaints were decided based on "false information" and "misleading facts" from Casetta, Salinas, and McInnis. *Id.* Plaintiff believes Casetta,

3

Salinas, and McInnis gave inaccurate information to "cover up" his fall. *Id.* He seeks monetary damages.

## ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

To state a claim for retaliation, plaintiff must allege that he: (1) engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). In the prison context, the First Amendment right to petition the government for redress of grievances includes the right to pursue "administrative remedies that must be exhausted before a prisoner can seek relief in court." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

Plaintiff states that Casetta "wrote the conduct report out of retaliation for going to staff about the fall." Although plaintiff did not file an inmate grievance through the IRCS until *after* he got the conduct report, plaintiff's oral complaint to Merkes about the condition of the bathroom is sufficient to trigger his First Amendment right to petition the government for redress of grievances. *See Pearson v. Welborn*, 471 F.3d 732, 740 (7th Cir. 2006)(concluding that the First Amendment also protects an inmate's right to lodge oral complaints against an officer without the threat of recrimination). Thus, plaintiff may

4

procced with a First Amendment claim that Casetta gave him a conduct report in retaliation for his verbal complaint to Officer Merkes about the cleanliness of the bathroom and his subsequent fall.

Plaintiff also alludes to several procedural violations regarding his inmate complaint. He states that his inmate complaints were dismissed due to "false information" and "misleading facts" from Cassetta, McInnis, and Salinas. To trigger the due process clause of the Fourteenth Amendment, plaintiff must allege that he was deprived of life, liberty, or property without due process. U.S. Const. amend. XIV. Dismissal of an inmate complaint does not implicate his life, liberty, or property. Indeed, the failure to follow procedural guidelines regarding the inmate complaint review system does not give rise to a protected liberty interest. *See Culbert v. Young,* 834 F.2d 624, 628 (7th Cir. 1987)*; see also Coleman v. Jackson Corr. Inst.,* No. 01-C-663-C, 2001 WL 34373166, at *4 (W.D. Wis. Dec. 28, 2001)(concluding that plaintiff's allegation that defendants did not allow for an "honest investigation" of his inmate complaint did not give rise to a protected liberty interest.) Plaintiff may have a state law claim for a violation of prison regulations but he does not have a federal constitutional claim. Therefore, plaintiff fails to state a claim for relief against McInnis and Salinas and they will be dismissed from the action.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**. The agency having custody of plaintiff shall collect from his institution trust account the **$323.75** balance of the filing fee by collecting monthly payments from plaintiff's prison trust

account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS ORDERED** that Mr. McInnis and K. Salinas are **DISMISSED** from this action.

**IT IS ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Casetta. CO Casetta shall file a responsive pleading to the complaint.

**IT IS ORDERED** that this case is **RETURNED** to United States Magistrate Judge Duffin for further proceedings.

**IT IS ORDERED** that the parties may not begin discovery until after Judge Duffin enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin

362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge