# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

**NATHAN WALDERA,**
        **Plaintiff,**

**v.**                                                    **Case No.  18-C-101**

**BARRY CASETTA,**

        **Defendant.**

## DECISION AND ORDER

Nathan Waldera, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Barry Casetta, a correctional officer at Kettle Moraine Correctional Institution ("KMCI"), violated his civil rights. I screened the complaint and allowed Waldera to proceed on a claim that Casetta issued him a conduct report in retaliation for engaging in activity protected by the First Amendment. Before me now is Casetta's motion for summary judgment.

## I. BACKGROUND

On September 27, 2017, Waldera slipped and fell in a KMCI bathroom. He came out of the bathroom holding his knee and told Officer Randolph Merkes that he slipped on the wet floor. Waldera claims that he also informed Merkes that the faucets on the sinks in the bathroom were faulty and caused water to pool on the floor.

Waldera was taken to the Health Services Unit for medical evaluation. While Waldera was receiving treatment, Casetta collected his belongings. In the course of doing so, Casetta discovered a folder containing sections from the Milwaukee Journal

Sentinel, which Casetta suspected had been removed from the institution's library. Casetta confiscated these sections. When Waldera returned from the Health Services Unit and discovered that his property was missing, he went to talk to Casetta. Casetta then questioned him about his possession of the sections of the newspaper. Waldera told Casetta that he had the librarian's permission to take these sections, which were from newspapers that were to be thrown away. Waldera states in his declaration that he did not believe Waldera and concluded that Waldera must have stolen the newspaper sections from the library. (The librarian who Waldera claimed granted him permission to take the newspaper sections had left the institution and was not available for questioning.)

On October 2, 2017, Casetta wrote Waldera a conduct report charging him with possession of contraband. In his complaint, Waldera alleged that he believed Casetta wrote this conduct report to retaliate against him for complaining to staff about the bathroom faucets. ECF No. 1 at 4. In his materials in opposition to Casetta's motion for summary judgment, however, Waldera suggests that Casetta had a different reason to retaliate against him. Specifically, Waldera states that he heard from a teacher at the KMCI school that Casetta believed Waldera was lying about his military service and that Casetta was "after [his] job" as a tutor at the school. ECF No. 32 at 5. Waldera states that, when Casetta confronted him about the newspapers, Casetta "went on a profane rant." *Id.* at 18. At that point, Waldera told Casetta that he intended to file inmate complaints against him. *Id.*

After Casetta wrote Waldera the conduct report, Officer J. McInnis found plaintiff guilty of possession of contraband. McInnis sentenced Waldera to 10 days without

2

common-area privileges and recommended that Waldera be removed from his job in the library.

On or around October 5, 2017, plaintiff filed two inmate complaints regarding these events: one for his slip and fall and another for Casetta's "profane language" and "aggressive behavior." Docket No. 1 at 3-4. These inmate complaints did not result in relief.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). The movant bears the burden of establishing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court grants summary judgment when no reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Waldera claims that Casetta wrote the conduct report to retaliate against him for engaging in activity protected by the First Amendment. To prevail on such a claim, he must provide evidence that would allow a reasonable jury to find that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). If the plaintiff establishes these three elements, "the burden then shifts to the defendants to show that they would have

taken the action despite the bad motive." *Mays v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013).

With respect to the first of these elements, it is well established that filing a non-frivolous prison grievance is constitutionally protected activity. *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). However, Waldera did not file his grievances until *after* Casetta wrote him the conduct report. Still, Waldera contends, the conduct report could have been retaliatory because Waldera told Casetta that he intended to file the grievances during the same conversation in which Casetta wrote him the conduct report. However, the Seventh Circuit has observed that "it seems implausible that a *threat* to file a grievance would itself constitute a First Amendment-protected grievance." *Bridges*, 557 F.3d at 555 (emphasis in original). Thus, I doubt that Waldera's threat to file grievances against Casetta counts as activity protected by the First Amendment.

But even if Waldera's threat was protected, Waldera has not pointed to evidence supporting his claim that it was a motivating factor in Casetta's decision to write the conduct report. Waldera does not claim that after he told Casetta that he intended to file grievances, Casetta attempted to dissuade him from doing so by threatening him with the conduct report. Moreover, by the time Waldera told Casetta that he intended to file grievances, Casetta had already confiscated the newspaper sections as contraband and questioned Waldera about them. In other words, by the time of Waldera's threat, Casetta was already poised to write the conduct report. Thus, his doing so shortly after Waldera made the threat is not suspicious.

Waldera points out that immediately after he limped out of the bathroom he complained to Merkes about the faucets. Waldera speculates that Merkes told Casetta

what he said and that therefore Casetta was aware of his complaint about the faucets at the time he initiated his investigation into Waldera's possession of the newspaper sections. However, the idea that Casetta would retaliate against Waldera for complaining about the bathroom faucets is extremely implausible. It is highly unlikely that a correctional officer would take personal offense at an inmate's complaint about a bathroom faucet, and Waldera points to no evidence suggesting that Casetta was unusually sensitive to complaints about prison facilities. Thus, even if Waldera's oral complaint to Merkes was protected activity, and even if a jury could reasonably find that Casetta learned about the oral complaint, a jury could not reasonably find that the oral complaint was a motivating factor in Casetta's decision to write the conduct report.

Finally, Waldera repeatedly notes that a teacher at the KMCI school told him that Casetta was out to get Waldera because he believed Waldera was lying about his military service. In making this argument, Waldera seems to be suggesting that Casetta wrote the conduct report to retaliate against him for lying about his military service. But even if that were so, Waldera would not have a First Amendment retaliation claim. As discussed above, a First Amendment retaliation claim requires that the retaliatory act be taken in response to activity protected by the First Amendment. Casetta's retaliating against Waldera based on his belief that Waldera was being untruthful about his military service would not be retaliation for engaging in protected activity. Thus, Waldera's belief that Casetta was out to get him for lying about his military service does not support his First Amendment retaliation claim.

In short, Waldera has not presented evidence from which a jury could reasonably find that Casetta retaliated against him for engaging in conduct protected by the First Amendment. Therefore, Casetta is entitled to summary judgment.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Casetta's motion for summary judgment (ECF No. 16) is **GRANTED**. The Clerk of Court shall enter final judgment.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask me to alter or amend my judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. I cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

I expect parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2019.

                                        s/Lynn Adelman
                                        LYNN ADELMAN
                                        District Judge